**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Criminal No. JFM-13-0606** |
| **MICHAEL BOSWELL** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### SUPPELEMENTAL MOTION TO DISMISS THE INDICTMENT

Defendant Michael Boswell, by and through his undersigned counsel, hereby supplements his previously filed Motion to Dismiss the Indictment (Dkt. No. 19) as follows.

1.      On January 15, 2014, Mr. Boswell filed a Motion to Dismiss the Indictment (Dkt. No. 19).  The motion argues that federal and state law enforcement authorities impermissibly collaborated to hold Mr. Boswell in state custody under the pretext of a state prosecution – well after the decision had been made to prosecute him federally – in violation of his constitutional due process rights.  The factual allegations and legal arguments set forth in that motion are incorporated herein by reference.

2.      The collaboration by federal and state law enforcement authorities set forth in Mr. Boswell's Motion to Dismiss the Indictment also violates the Double Jeopardy Clause of the constitution.  It is true that successive state and federal prosecutions are generally permitted under the doctrine of dual sovereignty.  *See Heath v. Alabama*, 474 U.S. 82, 89 (1985).  However, there is an exception to this general rule for "sham prosecutions."  As the Fourth Circuit and others have recognized, "[i]n *Bartkus v. Illinois*, 359 U.S. 121, 122-24 (1959), the Supreme Court noted that a subsequent prosecution by a separate sovereign could be a sham if it was shown that the sovereign was merely a tool for the sovereign that originally prosecuted the

case." *United States v. X.D.*, No. 11-4287, 42 Fed. Appx. 832, 2011 WL 3510752 (4th Cir. Aug.

11, 2011).  "A subsequent prosecution may be a sham if the sovereign had 'little or no

independent volition in their proceedings.'  *In re Kunstler*, 914 F.2d 505, 517 (4th Cir. 1990).  In

addition, a sham prosecution may be found if the sovereign's decision-making was dominated or

controlled by the other sovereign or if the prosecution did not vindicate the sovereign's interests.

*See United States v. Montgomery*, 262 F.3d 233, 238 (4th Cir. 2001)."  *Id.*

     3.     In this case, although the state prosecution was initiated first, it ultimately became

"merely a tool of the federal authorities."  *Bartkus*, 359 U.S. at 123.  According to Det. Adkins'

report, a decision was made to charge Mr. Boswell federally in August 2013.  *See* Dkt. No. 19,

Exhibit A, at 2.  Once the decision to indict Mr. Boswell federally was made, the state charges

were left in place as a tool to ensure Mr. Boswell's continued detention – circumventing his

rights under the federal Bail Reform and Speedy Trial Acts – and as a tool to buy more time to

bolster the federal case.  As one court has put it, "federal authorities cannot be allowed to

circumvent the speedy trial requirements of the Sixth Amendment by manipulating the state

criminal processes before the initiation of federal prosecutorial proceedings."  *United States v.*

*Liddy*, 542 F.2d 76, 79 (D.C. Cir. 1976).  This is precisely what happened here.

     WHEREFORE, Mr. Boswell respectfully requests that this Court issue an Order of

Dismissal on the grounds alleged herein and in Dkt. No. 19, and on any other grounds that may

become apparent upon a hearing on the motion.

     Respectfully submitted,

     JAMES WYDA
     Federal Public Defender

     _____/s/_____
     ELIZABETH G. OYER #95458
     PREMAL DHARIA

Assistant Federal Public Defenders
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland  21201
Phone: (410) 962-3962
Fax: (410) 962-0872
Email: Liz_Oyer@fd.org
       Premal_Dharia@fd.org

**<u>REQUEST FOR HEARING</u>**

Pursuant to Rule 105.6 of the Local Rules of the United States District of Maryland, a

hearing is requested on the defendant's Motion.


_____/s/_____
Elizabeth G. Oyer